IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES GIRLEY                                                                                           PETITIONER
ADC #112981

VS.                           CASE NO.: 5:15CV00074 JM/BD

WENDY KELLEY, Director,
Arkansas Department of Correction                                                   RESPONDENT

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr.  Mr. Girley – or any party – may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**   **Introduction**

In May, 1999, a Pulaski County Circuit Court jury found Petitioner James Girley guilty of rape.  Mr. Girley unsuccessfully challenged his conviction in the state courts before filing a federal habeas corpus petition in January, 2002.  *Girley v. Norris*, 5:02CV00008 GH (E.D.Ark. dismissed July 12, 2004).  Judge George Howard dismissed

the petition with prejudice and declined to issue a certificate of appealability.  In March, 2005, the Eighth Circuit affirmed the denial of the certificate of appealability and dismissed Mr. Girley's appeal.

After additional state filings, Mr. Girley filed a second federal habeas petition on November 18, 2014, again challenging the 1998 rape conviction.  *Girley v. Hobbs*, 5:14CV00419 HDY (E.D.Ark. dismissed Jan. 9, 2015).  Judge David Young dismissed the petition as successive and noted that Mr. Girley would have to seek authorization from the Court of Appeals for the Eighth Circuit before bringing a second or successive petition.

On March 4, 2015, less than two months after Judge Young had dismissed Mr. Girly's second petition, he filed the current federal habeas petition, a motion for leave to proceed *in forma pauperis*, and a "motion to pre-authorize habeas corpus review."  (Docket entries #1, #2, and #3)  In the current petition, Mr. Girley again challenges his 1998 rape conviction.  (#2)

On March 9, 2015, Judge Young denied Mr. Girley's motion for leave to proceed *in forma pauperis* and afforded Mr. Girley thirty days to pay the filing fee.  (#4)  The next day, Judge Young denied Mr. Girley's motion for pre-authorization, indicating that Mr. Girley's intentions were unclear.  (#5)  The case was reassigned to this Court on March 31, 2015.  (#9)

Mr. Girley has failed to pay the filing fee, and the time to do so has passed. In addition, the record shows that this is an unauthorized second or successive habeas petition. For these reasons, Judge Moody should DENY and DISMISS Mr. Girley's petition, without prejudice.

### III.  Discussion

This Court lacks jurisdiction to rehear this challenge to Mr. Girley's rape conviction. As noted, Mr. Girley has already challenged his rape conviction through a federal habeas petition. *Girley v. Norris*, 5:02CV00008 GH (E.D.Ark. dismissed July 12, 2004); *Girley v. Hobbs*, 5:14CV00419 HDY (E.D.Ark. dismissed Jan. 9, 2015).

Before filing a second or successive habeas corpus petition in federal court, a petitioner must seek and receive an order from the appropriate court of appeals that authorizes the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even where the petitioner claims actual innocence. 28 U.S.C. § 2244(b)(2)(B)(i)-(ii). Without an order from the court of appeals authorizing the filing of a second or successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1] Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

The pending petition is clearly "successive" because Mr. Girley has filed two previous petitions challenging the same state conviction. There is nothing in the record to indicate that Mr. Carroll sought and received authorization from the Court of Appeals before filing this successive petition.

Mr. Girley's motion to pre-authorize habeas corpus review might be an attempt to get the necessary authorization, but the required authorization must come from the Court of Appeals, not this Court. Without permission from the Court of Appeals, the district court cannot consider this case. 28 U.S.C. § 2244(b)(1)-(3)(A).

## IV.   Conclusion

The Court recommends that Judge Moody DENY and DISMISS James Girley's successive petition for writ of habeas corpus, without prejudice, for lack of jurisdiction. The Court further recommends that Judge Moody deny a certificate of appealability.

DATED this 7th day of August 2015.

_____
UNITED STATES MAGISTRATE JUDGE